# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNEY RAMEY,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF FRESNO, et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-00832-OWW-GSA<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 1) |

On June 16, 2008, Plaintiff Johnney Ramey, a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. The claims raised in the complaint stem from Plaintiff's conviction, which he challenges on a number of grounds.

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). "[A] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 488.

///

1    Plaintiff may not pursue his claims in a civil rights action.  Plaintiff's sole remedy is a
2 petition for writ of habeas corpus.[1]  Accordingly, this action is HEREBY DISMISSED, without
3 prejudice, for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.

5 IT IS SO ORDERED.

6 **Dated:    June 19, 2008**              /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE

---

[1] The Court takes judicial notice that Plaintiff has pursed several habeas actions in this Court.  The dismissal of those petitions without relief does not free Plaintiff to raise his claims in a civil rights action.  Habeas corpus remains Plaintiff's sole avenue of recourse for his allegedly unconstitutional conviction.

2